IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAMONA WATSON,            )
                          )
    Plaintiff,            )
                          )
v.                        )   Civil Action No.:
                          )
6700 NW 10TH PLACE OPERATIONS,  )
LLC                       )
                          )
    Defendant.            )
_____)

## COMPLAINT

COMES NOW the Plaintiff, RAMONA WATSON ("PLAINTIFF"), and files this Complaint against Defendant, 6700 NW 10TH PLACE OPERATIONS, LLC ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Americans with Disabilities Act, Section 703 of the Civil Rights Act as amended, the Florida Civil Rights Act of 1992, as amended (Chapter 760 Florida Statutes), and the anti-retaliation provisions of those statutes.

2. At all material times, PLAINTIFF was a citizen and resident of Alachua County, Florida and PLAINTIFF suffered from diabetes and high blood pressure, both of which are permanent conditions that affect PLAINTIFF'S abilities to stand, walk, perform manual tasks and work, among other life activities.

3. At all material times, DEFENDANT was and a Florida corporation which operated a rehabilitative care facility in Alachua County, Florida, which is where PLAINTIFF worked as a registered nurse.

## BACKGROUND

4. This action arises under and is filed pursuant to the Americans with Disabilities Act and the Florida Civil Rights Act of 1992, as amended (Chapter 760 Florida Statutes), and this court has jurisdiction under the Acts.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees and had 15 or more employees.

6. In or around December 2010, PLAINTIFF was hired by DEFENDANT to work as a registered nurse and she worked in that capacity until she was terminated on or about May 14, 2014. At all material times, PLAINTIFF was qualified for that position despite her disabilities.

7. PLAINTIFF has exhausted all administrative remedies and received a Right to Sue Letter on or about September 20, 2015, advising her of her right to file a civil action against DEFENDANT.

8. Due to her medical conditions, PLAINTIFF advised DEFENDANT that she could not work more than eight consecutive hours. At the time, all nurses who worked for DEFENDANT worked 12 hour shifts.

9. When she advised her supervisor that she could not work more than an eight hour shift, her supervisor reiterated that the only shifts available were 12 hour shifts. Her supervisor then said that she would need to produce something in writing from her doctor advising of the limitation and need for the accommodation.

10. On or about May 14, 2014, PLAINTIFF produced the requested medical documentation. As soon as she provided a letter from her doctor advising that PLAINTIFF could not work more than eight consecutive hours due to her medical limitations, she was told "good luck finding another job because we don't have eight hour shifts."

11. After she was terminated, she received a call from an employee of DEFENDANT who offered to provide her with eight hour shifts for two weeks as some type of quasi-severance package.

12. That offer was rescinded, but upon information and belief, shortly after her termination, DEFENDANT stopped its practice of having its employees work only 12 hour shifts and switched to having its employees work only eight hour shifts.

13. Upon information and belief, the decision to terminate PLAINTIFF was based on PLAINTIFF'S disability, perceived disability, and/or was made in retaliation against PLAINTIFF for requesting a reasonable accommodation for her medical condition.

14. Other, non-disabled workers, workers whom DEFENDANT did not regard as disabled, and those who did not request accommodations were treated more favorably than PLAINTIFF with regard to their conditions of employment and PLAINTIFF was terminated because of her disability and/or request for accommodation, or her disability and/or request for accommodation were a motivating factor in the decision to terminate PLAINTIFF and subject her to adverse conditions of employment.

## COUNT I
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

15. PLAINTIFF incorporates by reference paragraphs 1 through 14.

16. This is an action for disability discrimination in violation of the Florida Civil Rights Act, based on DEFENDANT'S disparate treatment of PLAINTIFF when compared to her peers who worked for DEFENDANT. PLAINTIFF is disabled and/or DEFENDANT regarded her as disabled and thereby PLAINTIFF is a member of a protected class.

17. At all material times, PLAINTIFF was qualified for the job she performed for DEFENDANT.

18. PLAINTIFF suffered adverse employment actions including termination by DEFENDANT and other, non-disabled workers and workers whom DEFENDANT did not regard as disabled did not suffer those adverse employment actions under circumstances similar to those of PLAINTIFF.

19. Upon information and belief, the reason that PLAINTIFF was terminated was her disability and/or her request for a reasonable accommodation and these were at the very least substantial factors in making the adverse employment decision.

20. As the result of the above-described actions, PLAINTIFF has suffered mental anguish, emotional distress, shame, embarrassment and humiliation and she continues to suffer these things.

   WHEREFORE, PLAINTIFF, demands judgment against DEFENDANT for damages in an amount to be determined at trial, punitive damages, front pay if appropriate, compensatory damages, together with costs incurred and attorney's fees, and further demands a trial by jury on all issues so triable.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. PLAINTIFF incorporates by reference Paragraphs 1 through 14.

22. This is an action for disability discrimination in violation of the section 703 of the Civil Rights Act, as amended, based on DEFENDANT'S disparate treatment of PLAINTIFF when compared to her peers who worked for DEFENDANT.

23. Upon information and belief, PLAINTIFF was terminated because of her disability and/or request for accommodation, or in the alternative, PLAINTIFF'S disability and/or request for accommodation were a substantial factor in making the adverse employment decision.

24. As a result of the above-described actions, PLAINTIFF has suffered mental anguish, emotional distress, shame, embarrassment and humiliation and she continues to suffer these things.

   WHEREFORE, PLAINTIFF, demands judgment against DEFENDANT for damages in an amount to be determined at trial, punitive damages, front pay if appropriate, and compensatory

damages, together with costs incurred and attorney's fees, and further demands a trial by jury on all issues so triable.

Dated: October 5, 2015

                                          Respectfully submitted,

                                          **THE LAW OFFICE OF MATTHEW BIRK**

                                          **/s/ Matthew W. Birk**
                                          **Matthew W. Birk**
                                          Florida Bar No.: 92265
                                          309 NE 1ST Street
                                          Gainesville, FL 32601
                                          (352) 244-2069
                                          (352) 372-3464 FAX
                                          mbirk@gainesvilleemploymentlaw.com
                                          ATTORNEY FOR PLAINTIFF